# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

D.H., a minor, by his guardian ad litem A.H., et al.,

Plaintiff(s),

vs.

NOBEL LEARNING COMMUNITIES, INC., et al.,

Defendant(s).

CASE NO. 15cv460-LAB (KSC)

**ORDER DENYING AS MOOT MOTION TO EXPEDITE;**

**ORDER OF REMAND; AND**

**ORDER REQUIRING RESPONSE TO REQUEST FOR ATTORNEY'S FEES FOR IMPROPER REMOVAL**

Defendants removed this action from state court, citing both diversity and federal question jurisdiction as the basis for this Court's exercise of jurisdiction. The Court on March 5, 2015 ordered Defendants to show cause why this action should not be remanded. That order (the "OSC") set forth the standards for federal question jurisdiction, and pointed out the burden for establishing jurisdiction fell on Defendants, as the parties invoking the Court's jurisdiction. The order cautioned that if Defendants failed to show jurisdiction, this action would be remanded.

Defendants filed a response (Docket no. 7) and Plaintiffs, as permitted by the OSC, also filed a response (Docket no. 8) seeking remand, as well as an award of fees. Plaintiffs also filed an *ex parte* motion to expedite briefing on the OSC. (Docket no. 6.) Because the

15cv460

1  Court has already received briefing, and now issues its decision, the motion to expedite is

2  **DENIED AS MOOT**.

3  **Federal Question Jurisdiction**

4      Defendants' response agrees that the complaint raises only claims created by or

5  arising under state law, but argues that some of the claims present federal questions. To be

6  sure, references to federal law are sprinkled throughout the complaint, and federal law

7  played a role in the dispute. The complaint alleges that Plaintiff D.H. is disabled, refers to a

8  settlement agreement intended to resolve alleged ADA violations, and mentions the

9  Defendant school's ADA compliance policy and officer. Defendants argue that federal law

10 is a necessary element of Plaintiffs' claim, and cite *Grable & Sons Metal Prods., Inc. v. Darue*

11 *Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) as supporting their argument. They also refer

12 indirectly to the well-pleaded complaint rule, arguing that the complaint is erroneously pled,

13 and therefore its failure to raise federal causes of action is not controlling.

14      The OSC explained the standards for determining whether federal question jurisdiction

15 exists. It should first be noted that state law, rather than federal law, creates all of Plaintiffs'

16 rights of action. The complaint seeks relief for breach of contract, breach of the implied

17 covenant of good faith and fair dealing, intentional and negligent infliction of emotional

18 distress, and California's Unfair Business Practices Act, §§ 17200, *et seq.* The contract at

19 issue here is the agreement between Plaintiffs and Defendants governing D.H.'s enrollment

20 as a student at the school. Even to the extent these refer to federal law, they are not

21 themselves federal law.  While the school and the Department of Justice entered into a

22 settlement agreement to settle ADA disputes, that agreement is also not federal law. And in

23 any event, Plaintiffs are not seeking to enforce it; they allege violations only in an effort to

24 establish that Defendants acted unfairly. In short, the breach of contract claims arise under

25 state law and do not give rise to federal question jurisdiction, even if their terms attempt to

26 resolve a federal dispute or require acts in compliance with federal law.  *See Kokkonen v.*

27 *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994) (suit to enforce agreement

28 settling federal claim does not present a federal question); *Mabe v. G.C. Servs. Ltd. P'ship*,

32 F.3d 86, 88 n.2 (4th Cir. 1994) ("A private contract cannot create federal question jurisdiction simply by reciting a federal statutory standard."); *Oliver v. Trunkline Gas Co.*, 796 F.2d 86, 89 (5th Cir. 1986) (dispute over private contract incorporating federal regulation does not create federal-question jurisdiction). *Compare Morris v. City of Hobart*, 39 F.3d 1105, 1111–1112 (10th Cir. 1994) (holding that federal courts lacked jurisdiction over agreements entered into to settle Title VII claims, as opposed to claims brought under Title VII).

In *Grable*, the plaintiffs necessarily had to establish a violation of federal law in order to prevail. 545 U.S. at 314–15.  Here, by contrast, Plaintiffs could prevail on their breach of contract claim without establishing any violation of federal law. *Compare In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 396 (S.D.N.Y., 2014).

The § 17200 claim, likewise, does not require resolving a federal question, because violations of both federal and state law are identified as the basis for the claim.  *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012). The complaint also points to acts it identifies as generally unfair, without referencing particular laws.  *See Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (holding that a plaintiff need not show violation of a separate law to establish liability under § 17200).  Even if some of those acts might violate federal law, the only question the Court is called upon to resolve is whether they are "unfair" under state law.

**Diversity Jurisdiction**

The OSC also questioned whether the amount in controversy requirement was met, so as to allow the Court to exercise diversity jurisdiction. The complaint did not request more than $75,000, but rather requested certain amounts in damages plus other damages in unspecified amounts. The OSC found that Defendants had not adequately shown why those other damages and requested relief would push the amount in controversy over the $75,000 threshold. Among other things, the notice of removal failed to show why the damage awards it cited in other cases were analogous.  Defendants' response notes that the complaint seeks nearly $9,000 in special damages for the cost of enrolling D.H. in a different school, nearly

$11,000 in restitution, and $4,000 in statutory damages, for a total of nearly $24,000. Defendants' response to the OSC also estimates attorney's fees at the time of removal at $7,500.

Beyond that, both the notice of removal and Defendants' response to the OSC attempt to make reasonable inferences about how much Plaintiffs are seeking for emotional damages and punitive damages. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citations omitted) (in CAFA case, holding that amount in controversy can be supported with "summary-judgment-type evidence" together with reasonable deductions, inferences, or extrapolations). *See also Simmons v. PCR Tech., Inc.*, 209 F. Supp. 2d 1029, 1033–34 (N.D. Cal., 2002) (evidence of emotional distress and punitive damages awards in cases with analogous facts can be used to support amount in controversy).  With these additions, Defendants response arrives at what it considers a conservative estimate of $76,500 in controversy.

When a defendant's assertion is challenged, the Court can decide the issue based on a preponderance of the evidence presented by both sides. *Ibarra*, 775 F.3d at 1197–98 (citation omitted).

The emotional distress damages, in particular, are a problem. Accepting that evidence of jury verdicts in cases with analogous facts can serve as evidence to support the amount in controversy, *see Simmons*, 209 F. Supp. 2d at 1033–34, Defendants primarily cite awards in cases with significantly different facts. In this case, D.H. is in the eighth grade and was expelled from the school he had attended for approximately one and a half school years. He has been attending a different school since mid-January, 2015. It is unknown whether he will successfully obtain preliminary injunctive relief, resulting in his immediate return to the school, or whether he will only return (if ever) at the end of this litigation.

In *Kobzeff v. Chaminade Coll. Prepatory High Sch.*, 15 Trials Digest 3d 94, 1998 WL 1017012 (L.A. Super. Ct., Dec. 4, 1998), a jury award of $20,000 was reduced to $10,000 (based on apportionment of fault) for negligent infliction of emotional distress. In that case, a school had  accused the plaintiff of possession of drug paraphernalia and expelled her,

1    allegedly in violation of the school handbook's required procedures. But the plaintiff also
2    claimed school officials improperly touched her during the search, a factor not present here.
3            In *Vladimer v. Univ. of Med. & Dentistry of N.J.,* 31 NJ. J.V.R.A. 11:C7, 2011 WL
4    10553084 (N.J. Super. L., Mar. 22, 2011), a dental student who was accused of jeopardizing
5    a patient's safety expelled from dental school was awarded $25,000 for emotional distress
6    and humiliation. The amount attributable to emotional distress for expulsion as opposed to
7    other things (*e.g.*, loss of his desired career, loss of opportunity to attend periodontal school,[1]
8    and humiliation resulting from the accusations) is not separated out. What is more, the
9    plaintiff in this case was a student at a professional school and not an eighth grader as in this
10   case. Defendants earlier cited an award to a dental student expelled from the University of
11   Michigan, *Zwick v. Regents of the Univ. of Mich.*, 2008 WL 6162481 (E.D. Mich., Dec. 2,
12   2008), which is also not analogous.
13           The only jury award in an analogous case Defendants cite is an award of $10,000 for
14   a fourth grader's improper expulsion from a private school based on some remarks his father
15   had made. *Oldano v. Our Savior Lutheran Ministries*, 9 Trials Digest 16th 6 (Alameda County
16   Super. Ct., Sept. 12, 2012). In addition to an award for emotional distress, the plaintiff had
17   sought damages for breach of contract, and exemplary damages. It is unclear what portion
18   of the award represented an award for breach of contract and exemplary damages, but it
19   obviously was $10,000 or less, which is not enough to nudge the amount in controversy over
20   the threshold.
21           Plaintiffs' response disputes that the amount in controversy is met, and correctly
22   points out that most of Defendants' estimates are too speculative.  In short, Defendants have
23   not met their burden of showing the amount in controversy is satisfied and the Court can
24   exercise diversity jurisdiction in this case.
25   / / /
26   / / /
27
28           [1] This detail is made more explicit in a different record of the award, found at 2011 WL
     1562173.

**Conclusion and Order**

Mindful of the strong presumption against removal, and the Ninth Circuit's directive that doubts are to be resolved in favor of remand, *see Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992), the Court finds Defendants have not met their burden of establishing that the Court can exercise jurisdiction over the removed action.

This action is therefore **REMANDED** to the Superior Court of California for the County of San Diego — Central Division, from which it was removed. The Court retains jurisdiction solely over Plaintiffs' request for attorney's fees for improper removal. Defendants may file an opposition to the request, not to exceed ten pages (not counting any lodged or appended material) no later than **Monday, March 30, 2015.**

**IT IS SO ORDERED**.

DATED:  March 16, 2015

**HONORABLE LARRY ALAN BURNS**
United States District Judge

15cv460