1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11

D.H., a minor, by his guardian ad litem A.H., et al.,

CASE NO. 15cv460-LAB (KSC)

12

Plaintiffs,

**ORDER DENYING MOTION FOR ATTORNEY'S FEES**

13

vs.

14

NOBEL LEARNING COMMUNITIES, INC., et al.,

15

Defendants.

16     This action, originally filed in state court, concerned Defendants' disenrollment of a

17 student diagnosed with Attention Deficit Hyperactivity Disorder, and sought the student's

18 reinstatement as soon as possible. On the eve of a scheduled hearing in state court,

19 Defendants removed this action.  Plaintiffs quickly filed a motion to expedite their hearing for

20 a temporary restraining order, arguing that the student should be allowed to finish the eighth

21 grade, and pointing out that the school year ended on June 10, 2015, so time was of the

22 essence.

23     Because it appeared the Court lacked jurisdiction, it issued an order to show cause.

24 Plaintiffs then moved for remand, emphasizing again that time was of the essence.  They

25 also requested for an award of attorney's fees, for improper removal. Defendants responded

26 by arguing that the Court could exercise both federal question and diversity jurisdiction.  The

27 fee request argues that Defendants removed for the improper purpose of delaying a hearing

28 scheduled before the state court.

1  The Court on March 17 remanded the case, but retained jurisdiction over the fee

2  request (Docket no. 8) and ordered Defendants to respond.  The issue is now fully briefed

3  and ready for decision.

4  **Legal Standards**

5  Unwarranted removals cause needless delays, impose costs on opposing parties, and

6  waste judicial resources.   *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). A

7  district court may, in its discretion, "require payment of just costs and any actual expenses,

8  including attorney fees, incurred as a result of [improper] removal."•  28 U.S.C. § 1447(c).

9  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only

10  where the removing party lacked an objectively reasonable basis for seeking removal."

11  *Martin*, 546 U.S. at 141.

12  The fact that an argument does not prevail does not mean it is objectively

13  unreasonable; "removal is not objectively unreasonable solely because the removing party's

14  arguments lack merit, or else attorney's fees would always be awarded whenever remand

15  is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  Where

16  precedent clearly forecloses the basis for removal, removal is objectively unreasonable. *Id*.

17  at 1066 (citing *Lott v. Pfizer, Inc.*, 492 F.3d 789 (7th Cir. 2007)). But where the law was not

18  so clear as to be beyond reasonable debate, removal is not objectively unreasonable. *Id*.

19  (citing with approval *Lott*'s analogy to qualified immunity analysis).

20  **Discussion**

21  In opposition to the fee motion, Defendants argue that federal question did exist.  But

22  for reasons explained in the remand order, it clearly did not. This was an ordinary contract

23  dispute, and state law created all of Plaintiffs' rights of actions.  The fact that the contract

24  had some relationship to federal law was of no import.  This is well established law, and the

25  Court's order cited multiple cases supporting its determination.  If this were the only basis

26  for removal, a fee award would be appropriate.

27  Diversity was a much closer call.  There was no dispute the parties were diverse; the

28  only question was whether the amount in controversy was met.  The complaint sought

around $31,500 in damages, but included requests for other damages and relief. Defendants, relying on verdicts and awards in other cases, arrived at what they considered a conservative estimate of the value of the other relief sought, which they said pushed the value of the case to $76,500.

The Court reviewed the awards Defendants relied on, and found the cases not analogous, and Defendants' estimates too speculative.  By a preponderance of the evidence, the Court therefore determined Defendants had failed to meet their burden of showing that the amount in controversy exceeded $75,000.

While the Court disagreed with Defendants' analysis, the basis on which they argued for a higher amount in controversy was not so clearly wrong as to be objectively unreasonable.  *See Lussier*, 518 F.3d at 1066.  In particular, the likely amount of an emotional damages award was inherently nebulous, since such damages are frequently difficult to predict, and closely analogous cases are often difficult to find. *See Brantley v. Boyd*, 2013 WL 3766911 (N.D. Cal., July 16, 2013) (noting the "difficulty of ascertaining damages resulting from emotional distress, in part, due to its subjective nature and the uniqueness of each claim").  While the Court found by a preponderance that the amount in controversy was not met, there was still some evidence to support Defendants' position.

**Conclusion and Order**

A fee award is discretionary, and should serve the ends of justice.  *Martin*, 546 U.S. at 139.  While the timing of the removal gives reason to suspect Defendants' motives and there was clearly no federal question jurisdiction, the Court finds the removal on the basis of diversity was not objectively unreasonable. The Court exercises its discretion in this case not to award fees, and the fee request (Docket no. 8) is **DENIED**.  This order disposes of all pending issues, and the Clerk shall close the docket.

**IT IS SO ORDERED**.

DATED:  December 16, 2015

**HONORABLE LARRY ALAN BURNS**
United States District Judge

- 3 -

15cv460